# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

       **Plaintiff,**

v.                                                   Case No. 21-CV-1092

BILL E. BETH, *et al.*,

       **Defendants.**

## ORDER

Plaintiff David C. Juarez, who is confined at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Juarez also filed a motion for a protective order (ECF No. 9) and a motion for leave to proceed without prepaying the filing fee (ECF No. 5). This order addresses these outstanding motions and screens his complaint.

1.     **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Juarez was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must

then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On October 1, 2021, the court waived the initial partial filing fee. (ECF No. 8.) The court will grant Juarez's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**2.     Screening of the Complaint**

Under the PRLA, the court has a duty to review any complaint in which a prisoner seeks redress from a government actor and dismiss any complaint if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When screening the complaint, the court considers whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so

that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "[J]udges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Juarez's complaint names 34 defendants, over half of which are John Doe defendants. It contains 116 paragraphs and recounts events spanning from March 2019 through September 2021. His allegations appear to cover multiple interactions with Kenosha County law enforcement, a few different detainments at Kenosha County Jail, and a few different encounters at his home. And his complaint recounts events in extreme detail.

Juarez's complaint violates Rule 8(a)(2). It does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. *Id.* The court cannot discern whether Juarez's complaint states a claim because any potential claim is buried in pages of allegations and excessive and unnecessary detail. *See Kadamovas*, 706 F.3d at 844. The court notes that Juarez is representing himself, and, as such, the court is allowed to construe his submissions leniently. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) But the court is not required to muddle through a web of details covering two and a half

3

years and a variety of incidents and allegations in an effort to determine what the plaintiff's claim is and the grounds upon which it rests.. Also, as he mentions in his complaint several times, Juarez is no stranger to litigating in the Eastern District of Wisconsin.

The court will grant Juarez an opportunity to file an amended complaint that complies with Federal Rule of Civil Procedure 8. When writing his amended complaint, Juarez should provide the court with enough facts to inform the court who violated his constitutional rights; what they did to violate his constitutional rights; and where and when the violations occurred. The amended complaint does not need to contain legal language or every minor detail. Juarez may use John and Jane Doe placeholders, clearly labeled, if he does not know the identity of the state actor(s) who violated his rights.

Juarez should also note that Federal Rules of Civil Procedure 18 and 20 prohibit joining unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). Multiple claims against a single party are fine. Also, a plaintiff may join multiple defendants in a single case if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

4

Juarez should keep this in mind as he drafts his amended complaint because his original complaint appears to run afoul of Rules 18 and 20.

The court is enclosing a copy of its complaint form and instructions. Juarez must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claim or claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. **If the space is not enough, Juarez may use up to five additional sheets of paper.** The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. In other words, Juarez cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Juarez fails to file an amended complaint by the deadline stated below, the court will dismiss his case for failure to state a claim upon which relief may be granted.

3.  **Motion for Protection Order (ECF No. 9)**

Juarez also moves the court for a protection order to remove him from custody of Racine County Jail. The court withholds ruling on this motion because, due to the deficiencies in Juarez's complaint, it is unclear who the defendants are. For the court to have any sort of jurisdiction or authority over staff members at the Racine County Jail, they must be defendants in the case before it.

4.  **Conclusion**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Juarez's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that a ruling Juarez's motion for a protection order (ECF No. 9) is **WITHHELD** pending screening of Juarez's amended complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Juarez shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Juarez's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Juarez is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Juarez is confined.

**IT IS THEREFORE ORDERED** that Juarez may file an amended complaint that complies with the instructions in this order on or before **January 6, 2022**. If Juarez files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Juarez does not file an amended complaint by the deadline, the court will dismiss his case for failure to

state a claim in the original complaint and issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Juarez a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Juarez is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Juarez is reminded that it is his responsibility to promptly notify the court if he is released from

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

custody or transferred to a different institution. Juarez's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 20th day of December, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge