# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

                Plaintiff,

v.

BILL E. BETH, DAVID G. BETH, JOHN DOE #1, JOHN DOE #2, and "SARGENT TASER POINT" JOHN DOE,

                Defendants.

Case No. 21-CV-1092-JPS

**ORDER**

      Plaintiff David C. Juarez, a former inmate, brought this action under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion requesting review of his case, ECF No. 18, motion to accept verified complaint, ECF No. 22, and motions for a protective order, ECF Nos. 9, 23, as well as screens his amended complaint, ECF No. 17.

      On December 20, 2021, Magistrate Judge William E. Duffin screened Plaintiff's initial complaint and determined that it did not state a claim upon which relief could be granted. ECF No. 11. Plaintiff was given an opportunity to amend his complaint, and he filed an amended complaint on January 26, 2022. ECF No. 17. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the amended complaint. The case will be returned to Magistrate Judge Duffin upon entry of this Order.

The Court will grant Plaintiff's motion requesting review of the case, ECF No. 18, as this Order addresses Plaintiff's outstanding motions. The Court will, however, deny Plaintiff's motion to accept verified complaint as it is not clear what relief Plaintiff seeks. Plaintiff's motion requests that the Court accept the verified complaint "under indigents proclaimed by Mr. Juarez and granted under Case No: 21cv1090, 21cv1091, 21cv1092, and 21cv1161." ECF No. 22. To the extent that Plaintiff wishes to file an amended complaint in his cases, Plaintiff is instructed to refile his motion in accordance with the procedures outlined in Federal Rule of Civil Procedure 15 and Local Civil Rule 15.

1. **SCREENING THE COMPLAINT**

    1.1 **Federal Screening Standard**

    Under the Prison Litigation Reform Act ("PLRA"), the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff alleges that at some point in April 2019, he called 911 for a medical emergency because he was experiencing chest pains. ECF No. 17 at 2. Kenosha County Sheriff's deputies arrived at his house, had their firearms pointed at Plaintiff, and ordered him to show his hands and get on the floor. *Id.* Then an ambulance arrived, and Plaintiff was taken to a hospital. *Id.* Plaintiff states he "was not detained nor charged at this time." *Id.* While at the hospital, non-defendant Officer Kevin Conlon "prejudicially" filed an emergency detention order. *Id.* Plaintiff then states that he was held against his free will and taken to the Winnebago Mental Health Facility for thirty days of inpatient treatment. *Id.* Plaintiff does not state who detained him.

On June 4, 2019, Plaintiff again called 911, this time to request a restraining order against another individual. *Id.* Unnamed officers,

identified as defendant John Doe #1 and John Doe #2, arrived at Plaintiff's house and arrested him for disorderly conduct and bail jumping. *Id.* Plaintiff was taken to the Kenosha County Jail. *Id.* Around midnight on June 4, 2019, Corrections Officer John Doe placed Plaintiff in a conference room, where Corrections Officer Doe and four-to-six additional unnamed officers slammed Plaintiff against the wall and floor and suffocated Plaintiff until he blacked out. *Id.* at 3.

At some point, medical staff treated Plaintiff's injuries, and then a defendant identified as "Sargent Taser Point John Doe" transported Plaintiff to a cell at taser point. *Id.* Plaintiff does not allege Sargent Taser Doe used the taser at any point. Plaintiff states he remained in his cell, and no one gave him water or conducted medical assessments for the entirety of an eight-hour shift. *Id.* Plaintiff was then released from custody the next day. (*Id.*, ¶ 21.)

Plaintiff lodged several complaints regarding his treatment at the Kenosha County Jail. *Id.* Defendants Bill E. Beth and David G. Beth reviewed those complaints and determined that no wrongdoing occurred. *Id.* Plaintiff also states that he is suing under the American with Disabilities Act ("ADA") claiming that unspecified defendants discriminated against him due to his known disabilities (which he does not describe). *Id.* at 1.

**1.3    Analysis**

At the outset, Plaintiff does not state a claim under the ADA. Plaintiff makes no allegations against any specified defendant. At most, he states that the defendants in general discriminated against him, but he does not explain how. While courts are to liberally construe pro se plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the

Page 4 of 13
Case 2:21-cv-01092-WED    Filed 01/04/23    Page 4 of 13    Document 29

elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Plaintiff may not proceed on a claim under the ADA.

Plaintiff also may not proceed on claims against Bill E. Beth and David G. Beth. At most, Plaintiff claims they violated his rights when reviewing his complaints about his treatment at Kenosha County Jail and finding against him. Officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Plaintiff does not allege that they did anything other than review and deny his complaints. As such, the Court will dismiss these defendants for the failure to state a claim against them.

Plaintiff also may not proceed against the John Doe defendants he lists as parties in his amended complaint. *See* ECF No. 17 at 1. As to John Doe #1 and John Doe #2, he merely alleges that they arrested him. He does not allege that they unlawfully arrested him or that they did not have probable cause. Thus, his allegations against John Doe # 1 and John Doe # 2 do not rise to the level of a constitutional violation. Similarly, as to "Sargent Taser Point" John Doe, all Plaintiff alleges that is that he escorted Plaintiff back to his cell while pointing a taser at him. Plaintiff does not allege that Sargent Doe used the taser against him or otherwise acted in an inappropriate manner.

Plaintiff does not name any additional defendants. He includes allegations as to the officers who interacted with him during his medical emergency in April 2019, but he does not state a claim against them because he alleges he was not detained at the time. Also, merely pointing a gun at someone does not rise to the level of a constitutional violation.

Additionally, Plaintiff does not state a claim against Kevin Conlon. Plaintiff makes a conclusory statement that Conlon filed a prejudicial detention order, but Plaintiff does not explain why or how it was prejudicial or otherwise infringed on his rights. He also does not state a claim for being taken to the Winnebago Mental Health Facility because he does not allege who took him against his free will.

The Court does find, however, that Plaintiff sufficiently states a Fourteenth Amendment excessive force claim against other John Doe individuals that he clearly identified with labels but did not list as parties in his amended complaint. Plaintiff sufficiently alleges that while he was detained overnight at the Kenosha County Jail between June 4 and June 5, 2019, Corrections Officer John Doe and four-to-six other unknown officers used excessive force against him. Because Plaintiff was a pretrial detainee at the time, his claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Henderickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under this standard, whether a defendant used excessive force is an objective, not a subjective, determination, and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472–73. Plaintiff alleges that these John Doe Corrections Officers slammed him against the wall and floor and suffocated him, causing him to blackout. As such, Plaintiff sufficiently alleges their use of force was unreasonable.

The Court will direct the Clerk's Office to add Corrections Officer John Does #1–#6 to the case caption. Because Plaintiff does not know the

names of any of those defendants, the Court will add the Kenosha County Detentions Division Commander—Captain Horace Staples—as a defendant for the limited purpose of helping Plaintiff identify the names of the defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the U.S. Marshals to serve Captain Staples with Plaintiff's amended complaint and a copy of this Order. Captain Staples does not have to respond to the amended complaint. After Captain Staples's lawyer files an appearance in this case, Plaintiff may serve discovery upon Captain Staples (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the Corrections Officer John Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not state a claim against Captain Staples, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Corrections Officer John Doe defendants he is suing. Plaintiff may not ask Captain Staples about any other topic, and Captain Staples is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that he alleges violated his constitutional rights, he must file a motion identifying their real names. The Court will dismiss Captain Staples as a defendant once Plaintiff identifies the Corrections Officer John Doe defendants' names. After those defendants have an opportunity to respond to Plaintiff's complaint, the Court will issue a scheduling order for the remainder of the case.

Plaintiff must identify the names of the Corrections Officer John Doe defendants within sixty days of Captain Staples's attorney appearing. If

Plaintiff does not, or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to follow the Court's order.

**2. ORDER OF PROTECTION**

The Court will deny Plaintiff's requests for an order of protection, liberally construed as motions for a temporary restraining order ("TRO") or preliminary injunction. Plaintiff was in custody at the time the original complaint was filed, but his current address indicates he is now out of custody. ECF Nos. 1, 28. As such, his first motion, ECF No. 9, requesting to be removed from the Racine City Jail is now moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains").

Plaintiff's second motion requests "a global request in or out of custody to be sent against the Racine PD, Racine Sheriffs, Kenosha PD, Kenosha Sheriffs, Caledonia PD, Caledonia Sheriffs, Pleasant Prairie PD, Pleasant Prairie Sheriffs, Racine DAs Office, Racine DOC Probation Department." ECF No. 23 at 1. Plaintiff indicates that for the last four years he has been harassed, stalked, unlawfully detained, given citations, had his vehicle taken without a warrant, physically assaulted, and evicted from his home, among other things. *Id.*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case

has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff fails to carry the burden of persuasion that the drastic remedy of a temporary restraining order or preliminary injunction is appropriate in this instance. Plaintiff seeks incredibly broad relief against multiple municipalities that this Court is unauthorized to grant. *See* 22 U.S.C. § 3626(a)(2); *Westefer*, 682 F.3d at 683. Moreover, while the Court can certainly understand that Plaintiff may rightly feel he is being treated

unfairly by these entities, he has not provided any facts to show that no remedy at law exists. As such, the Court is obliged to deny Plaintiff's motions for an order of protection.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment excessive force claim against the Corrections Officer John Doe defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS THEREFORE ORDERED** that Bill E. Beth, David G. Beth, John Doe #1, John Doe #2, and "Sargent Taser Point" John Doe be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the Clerk's Office shall add Corrections Officer John Does #1–#6 to the case caption;

**IT IS FURTHER ORDERED** that Kenosha County Detentions Division Commander, Captain Horace Staples, be added as a defendant for the limited purpose of helping Plaintiff identify the names of the John Doe defendants;

**IT IS FURTHER ORDERED** that the United States Marshal serve a copy of the amended complaint and this Order on Captain Staples under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a).

Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Captain Staples does not have to respond to Plaintiff's amended complaint; however, he must respond to any discovery requests as described in this Order;

**IT IS FURTHER ORDERED** that Plaintiff identify the real names of the Corrections Officer John Doe defendants within sixty days of Captain Staples appearing in the case. If Plaintiff does not, or does not explain to the Court why he is unable to identify their real names, the Court may dismiss his case based on his failure to follow the Court's order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order requesting the review of his case, ECF No. 18, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to accept verified complaint, ECF No. 22, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for a protective order, ECF Nos. 9, 23, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that this case be returned to Magistrate Judge William E. Duffin for further proceedings. The case is no longer referred to District Judge J.P. Stadtmueller.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.