# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID C. JUAREZ,**

    Plaintiff,

v.                                                  **Case No. 21-CV-1092**

**SGT. JEREMY MAY,** *et al.*,

    Defendants.

## ORDER

On July 31, 2023, the defendants filed a motion to dismiss, arguing that *pro se* plaintiff David C. Juarez failed to add the real names of the Doe defendants within the statute of limitations. (ECF No. 52.) Section 1983 does not contain its own statute of limitations, so federal courts borrow the limitations period and tolling rules applicable to personal-injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)). In Wisconsin, "the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53." *D'aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). During the relevant time period, Wis. Stat. § 893.53 provided for a three-year statute of limitation period. A § 1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

The defendants argue that the incident that is the subject of Juarez's suit occurred on June 4, 2019, so he was required to identify the Doe defendants by June 4, 2022. (ECF No. 56 at 2.) However, Juarez did not identify the Doe defendants until May 11, 2023. As such, his claims against them are time-barred.

Juarez initially filed his complaint on September 20, 2021, well before the statute of limitations expired. (ECF No. 1.) On December 20, 2021, the court screened his original complaint and instructed him to file an amended complaint to give him an opportunity to correct the deficiencies in his complaint. (ECF No. 11.) Juarez filed an amended complaint on January 26, 2022, which is still several months before the statute of limitations expired. (ECF No. 17.) On April 20, 2022, the case was referred to District Court Judge JP Stadtmueller for entry of a screening order because not all parties had had a chance to consent to the jurisdiction of a magistrate judge. Judge Stadtmueller entered a screening order on January 4, 2023, wherein six John Doe defendants were added to the caption and Kenosha County Detentions Division Commander Captain Horace Staples was added as a defendant for the limited purposes of assisting Juarez in identifying the real names of the Doe defendants. (ECF No. 29.) Juarez was instructed to file a motion identifying the real names of the Doe defendants within 60 days after Staples's attorney filed a notice of appearance. (*Id.*)

On February 1, 2023, Attorney Amy J. Doyle filed a notice of appearance on behalf of Staples. (ECF No. 31.) On March 3, 2023, Juarez filed a motion for extension of time to file a motion identifying the real name of the Doe defendants, explaining

2

that he was recently reincarcerated and needed time to update his address so he could receive the information he requested from Staples identifying the real names of the Doe defendants. (ECF No. 35.) On March 7, 2023, the court granted Juarez's motion for extension of time, giving him until May 1, 2023, to file a motion identifying the real names of the Doe defendants. (ECF No. 36.) On March 20, 2023, Juarez filed a second motion for extension of time to identify the Doe defendants, explaining that, because of his recent incarceration, he did not have the contact information for Staples's attorney. (ECF No. 37.) On March 22, 2023, the court granted Juarez's second motion for extension of time, giving him until May 31, 2023, to identify the real names of the Doe defendants. (ECF No. 40.)

On May 11, 2023, Juarez filed a motion to modify the caption to replace the Doe placeholders with the following defendants : Sergeant Jeremy May, Officer Craig Knecht, Officer Gloria Galvan, Officer Trevor Smith, Officer Pablo Martini, Officer Maxine Delalorve, Officer Andrew Abbot, and Officer Jordan Shulski. (ECF No. 43.) On May 26, 2023, the court granted Juarez's motion. (ECF No. 44.)

The operative complaint was filed on January 26, 2022, at the court's direction. When Juarez identified the Doe defendants, he did not amend his complaint to add them; instead he filed a motion to update the caption, again at the court's direction. As such, Juarez did not run up against the statute of limitations.

Even if he had, however, equitable tolling would preclude dismissal based on the running of the statute of limitations. "Equitable tolling halts the limitations clock 'when a litigant has pursed his rights diligently but some extraordinary circumstance

3

prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F. 4th 493, 499 (7th Cir. 2021) (quoting *Xanthopoulous v. U.S. Dept. of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021)). Juarez was unable to provide the real names of the Doe defendants before June 4, 2022, because the court did not screen his complaint until January 2023. In other words, because the court's actions prevented him from timely adding the Doe defendants, to dismiss the suit would be inequitable. Also, the court notes that, once he was able to commence attempting to identify the Doe defendants, Juarez diligently followed the court's instructions and identified them as soon as he was able. When he was delayed, he promptly filed motions for extensions explaining why he was delayed. The court found his explanations reasonable and granted him the extensions.

Juarez timely identified the Doe defendants according to the court's instructions. Even if he didn't, the statute of limitations is equitably tolled. The defendants' motion to dismiss (ECF No. 52) is **DENIED**.

Dated in Milwaukee, Wisconsin this 8th day of November, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge