# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID C. JUAREZ,**

**Plaintiff,**

**v.** **Case No. 21-CV-1092**

**SGT. JEREMY MAY, *et al.*,**

**Defendants.**

---

## DECISION AND ORDER

---

On February 20, 2025, the court entered a decision and order denying the defendants' motion for summary judgment on *pro se* plaintiff David C. Juarez's excessive force claim wherein the defendants allegedly used objectively unreasonable force when escorting him to the restrictive housing unit. (ECF No. 113.) During a telephonic hearing held on February 2, 2026, the court clarified that Juarez was allowed to proceed on a second excessive force claim wherein the defendants allegedly left him in a restraint chair for several hours. The court permitted the parties to file motions for summary judgment on the second claim. (ECF No. 131.) On May 4, 2026, the defendants filed a motion for summary judgment on the second claim, (ECF No. 136), and on May 6, 2026, Juarez filed a motion for summary judgment on the second claim, which motions are now ready for decision.

At the outset, the court notes that Juarez failed to comply with the district's local rules governing motions for summary judgment. Civil Local Rule 56(b)(2) outlines what a party opposing a motion for summary judgment must file in response:

> (A) a memorandum of law;
> (B) a concise response to the moving party's statement of proposed findings of fact that *must* contain
>   (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, *specific references* to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
>   (ii) a statement, consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph . . . .
> (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

Civ. L.R. 56(b)(2) (emphasis added). Juarez's motion for summary judgment is two pages with four pages of exhibits attached. He also filed a brief in opposition to the defendants' motion for summary judgment, which was two pages. (ECF No. 154.) He did not file any response to the defendants' proposed findings of fact and the affidavit he does submit does not describe his version of the events but addresses previously-resolved evidentiary issues. At most, Juarez simply states in one sentence that the defendants used excessive force because they kept him in a restraint chair for seven hours. (ECF No. 146 at 3.) He does not provide the details about why this should be considered excessive force or name who was responsible for the excessive force used on him. Such bald assertions or conclusory legal statements are insufficient to create a

genuine issue of material fact. *See Drake v. Minn Mining & Mfg Co.*, 134 F.3d 878, 887 (7th Cir. 1998).

Most of Juarez's motion for summary judgment, accompanying affidavit, and exhibits concern the fact that the defendants did not preserve video evidence of his time in the restraint chair. (ECF No. 146-1 at 1.) The court held several hearings on this matter, and it was ultimately determined that the video was destroyed in the ordinary course of business. (ECF No. 50-1 at 1.) This information was disclosed to Juarez on January 15, 2026, so he had plenty of notice that he would need to defend the summary judgment motion on the second claim without the video evidence. (*Id.*)

Juarez's response in opposition to the defendants' motion for summary judgment on the second claim does not fair much better. (ECF No. 154.) Again, Juarez merely states that he was subjected to excessive force because he was kept in a restraint chair for approximately seven hours. (*Id.* at 2.) Juarez argues that, because the defendants admit that they did not preserve the video, the court should accept that the video, if it did exist, would show excessive force and deny the defendants' motion for summary judgment. (*Id.*) Regardless, none of Juarez's response materials meaningfully refute the defendants' motion for summary judgment on the second claim.

While district courts may overlook a plaintiff's noncompliance with local rules by construing the limited evidence in the light most favorable to the plaintiff, and can construe *pro se* submissions leniently, there is no requirement they do so. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); see also *Stevo v. Frasor*, 662 F.3d 880, 887

(7th Cir. 2011) (recognizing that district courts are entitled to insist on strict compliance with the local rules). More importantly, the leniency with which the court construes *pro se* submissions does not relieve *pro se* plaintiffs of their obligation to show that genuine issues of material fact exist that preclude the entry of summary judgment for the movant.

Juarez is a seasoned litigator and has had several cases before this court. Additionally, on several occasions Juarez was made aware of what was required of him to respond to summary judgment. The scheduling order issued by the court on November 21, 2023, contained the relevant Civil Local Rules and Federal Rules of Civil Procedure. (ECF No. 59.) A guide entitled, "Answers to Prisoner Litigants' Common Questions" was provided to Juarez with the screening order, and it had information, written in an easy-to-understand manner, that explains what a summary judgment motion is and how a plaintiff should respond to such a motion. Also, the defendants provided Juarez with the relevant rules of procedure when they filed their motion for summary judgment. (ECF No. 136.) Additionally, the day after the defendants filed their motion for summary judgment, the court sent a notice and order to Juarez that stated in relevant part:

> In responding to the motion, Juarez must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Juarez must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. An unsworn declaration is a way for a party to tell his side of

> the story while declaring to the court that everything in the declaration is true and correct. Juarez must also respond to the legal arguments in the brief.

(ECF No. 145 at 1-2.) The notice and order also informed Juarez that, if he did not respond to the defendants' motion, "the court will accept all facts asserted by the defendants as undisputed and may grant the motion as a sanction for noncompliance. *See* Civil L.R. 7(d). (*Id.* at 2.) The court further stated that, if Juarez needed more time to prepare his response materials, he could ask for an extension of time. (*Id.*)

In short, Juarez had ample opportunity and the means to properly respond to the defendants' motion for summary judgment but he failed to submit any affidavits, sworn declarations, or other admissible documentary evidence supporting his arguments, or even substantively respond to the defendants' arguments. He was also made aware of the consequences should he fail to follow the rules. As such, the court accepts the defendants' proposed findings of fact as undisputed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the second claim.

As for Juarez's motion for summary judgment, he does not include any allegations or facts that dispute the defendants' version of the events in either his brief or other supporting materials.

Accordingly, the defendants' motion is granted and Juarez's motion is denied. The court will set a status conference at a later date to discuss next steps.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 136) is **GRANTED**. The second excessive force claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that Juarez's motion for summary judgment (ECF No. 146) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of November, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge